UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID B. LOAIZA,

    Plaintiff,

v.

JUAN ARZOLA, et al.,

    Defendants.

Case No. 24-cv-01758 EJD (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a California parolee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff names two individuals as defendants in the caption of his form complaint: Juan Arzola and Berry Patterson.  Dkt. No. 1 at 1.  Then under "Parties," he lists the following as additional plaintiffs: "President Biden, Trump, Wilson, Kim un ung, FBI, law-enforcement of Oceanside, correctional officers, People of San Luis Rey River, humanity children of God, the Va[t]ican in Rome, churches." Id. at 2.

Under the "Statement of Claims," Plaintiff states as follows: "These individuals fall under all Terrorist acts in our country and nations. They are the 'new world order' society movement. Please see attachments." Id.  However, there are no attachments to this 3-page form complaint.  Lastly, under "Relief," Plaintiff states:

> I would like the court to help me file char[g]es against these individuals who have [e]nvaded, treasoned, spied, who have done everything the attachments said they did. I would like to tr[y] them in front of all world leaders and religious leaders. This is a society who murders, rapes, networks through your minds.

Id. at 3.

The complaint fails to state even one cognizable claim under § 1983 because it is largely nonsensical and vague.  First of all, Plaintiff sets forth no factual allegations against Defendants Arzola and Patterson to establish that these two individuals are state actors, nor does he describe their actions to indicate that they violated his rights under the Constitution or other federal law.  Secondly, the relief he seeks, i.e., to pursue a criminal action against them, is simply not available in a section 1983 action.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973).  Courts therefore generally have declined to recognize standing to bring a § 1983 action based upon the lack of prosecution of others. See Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); Satler v.

1  Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim
2  has right to have another criminally prosecuted). Lastly, Plaintiff may not include other
3  plaintiffs in this action. He may only represent himself and seek relief for his personal
4  injuries, not those of others. Even if Plaintiff intended to include these additional parties
5  as *defendants*, the pleadings are deficient for the same reason discussed above, i.e., failure
6  to allege sufficient facts to state a claim. Plaintiff shall be granted leave to file an amended
7  complaint to attempt to state a cognizable claim under section 1983.

In preparing an amended complaint, Plaintiff should keep the following legal principles in mind. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct

3

the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-01758 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** July 23, 2024

EDWARD J. DAVILA
United States District Judge